UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAVADA E. KIDWELL, | ) |
| Plaintiff, | ) No. CV-11-328-JPH ) |
| v. | ) ORDER GRANTING DEFENDANT'S ) MOTION FOR SUMMARY JUDGMENT |
| CAROLYN W. COLVIN[1], Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 20. Attorney Maureen J. Rosette represents plaintiff. Special Assistant United States Attorney Terrye E. Shea represents the Commissioner of Social Security (defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment, **ECF No. 20**.

**JURISDICTION**

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 1 -

Kidwell applied for disability insurance benefits (DIB) on June 11, 2009, alleging disability since July 3, 2008 (Tr. 126-28). Kidwell alleged she is unable to work due solely due to physical limitations: back problems and chronic pain (Tr. 147). The application was denied initially and on reconsideration (Tr. 70-72, 77-78).

On June 30, 2010, Administrative Law Judge (ALJ) Gene Duncan held a hearing. Ms. Kidwell, represented by counsel, her spouse and a vocational expert testified (Tr. 32-67). On September 23, 2010, the ALJ issued an unfavorable decision (Tr. 11-25). The Appeals Council denied review on August 22, 2011 (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner and appealable to the district court pursuant to 42 U.S.C. § 405(g). Kidwell filed this action for judicial review on September 9, 2011. ECF Nos. 2, 4.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Ms. Kidwell was 45 years old at onset and 47 on the date of the ALJ's decision. She graduated from high school worked as a housekeeper for 15 years prior to onset. She testified she stopped working because she twisted her back at work and has ongoing lower back pain.

Kidwell lives with her spouse. She takes no medication because there is no money to pay for it. She waters plants, drives short distances, shops, fishes once a month with her spouse, reads and visits family. Pain causes sleep problems. She can lift ten

pounds, stand 20 minutes and sit 30 minutes. Sometimes her hands and legs become numb. Kidwell did not allege any mental impairments or limitations when she applied for benefits (Tr. 20, 23, 34, 36-38, 41-42, 44, 46-47, 50, 52-53, 60-61, 148, 155, 181).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden

then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.

*Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The court will set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2012). Even if the ALJ erred, the court will uphold the decision so long as the error was harmless. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010)(citation omitted).

If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

ALJ Duncan found Kidwell was insured through September 30, 2010. At step one, the ALJ found Kidwell did not work after onset (Tr. 11, 13-14). At steps two and three, he found she suffers from the severe impairments of chronic lumbar sprain not lasting 12 continuous months superimposed on mild degeneration of the lumbar spine, and borderline intellectual functioning, impairments that are severe but do not meet or medically equal any listed impairments (Tr. 13, 18). The ALJ found Kidwell less than fully credible (Tr. 21), a finding unchallenged on appeal. He found she

is able to perform a range of light work (Tr. 19-20). At step four, relying on a vocational expert's testimony, the ALJ found Kidwell is unable to perform her past relevant work as a housekeeper (Tr. 23). At step five, again relying on the VE, the ALJ found Kidwell is able to perform other jobs, such as small parts assembly and small part product inspector (Tr. 24). The ALJ found Kidwell has not been under a disability, as defined by the Social Security Act, from onset on July 3, 2008, through September 23, 2010, the decision date (Tr. 24-25).

**ISSUES**

Kidwell alleges that if the ALJ properly credited the opinions of two examining psychologists, he would have found she is disabled, or, at a minimum found greater limitations requiring remand. ECF No. 14 at 10-15. The Commissioner asserts the decision should be affirmed because it is supported by substantial evidence and free of harmful legal error. ECF No. 20 at 5.

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.929.

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue

of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Examining psychologists**

*Dennis Pollack, Ph.D.*

Kidwell alleges the ALJ's reasons for rejecting Dr. Pollack's contradicted opinion are not specific, legitimate and supported by substantial evidence. She alleges the ALJ rejected the opinion because (1) it was sought by plaintiff's attorney and (2) the assessed limitations are inconsistent with both the longitudinal

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                - 8 -

record and with Pollack's narrative ECF No. 14 at 13-14.

The Commissioner responds that all but one of the ALJ's reasons are proper and supported by substantial evidence. Proper reasons include: (1) Pollack's narrative report does not explain why marked limitations were assessed; (2) the assessed marked limitation in the ability to maintain a schedule and be punctual is contradicted by Kidwell's own report she was "very reliable" and filled in for coworkers when needed; (3) the assessed marked limitations are inconsistent with Kidwell's demonstrated overall functioning ability and (4) Kidwell did not allege mental problems when she applied for benefits. ECF No. 20 at 11, 16-17; Tr. 316.

The Commissioner concedes the ALJ erred when he relied on the factor that "claimant's attorney is known to continually seek Dr. Pollack's favorable reporting," because it relies on evidence outside the record, EFC No. 20 at 17, but asserts the error is harmless. Because the ALJ's other reasons are valid and supported, the Commissioner continues, his decision should be affirmed. ECF No. 20 at 17-19.

The ALJ considered Kidwell's credibility when he assessed the conflicting evidence. As noted she does not challenge the finding on appeal. Although failure to challenge an ALJ's negative credibility finding on appeal waives any challenge, *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008), the court discusses the ALJ's credibility assessment in order to clarify its decision.

The ALJ relied on daily activities, inconsistent statements and lack of supporting objective evidence when he found Kidwell less than fully credible. His reasons are clear, convincing and

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 9 -

supported by substantial evidence (Tr. 20-21).

The record reveals a wide range of activities that undermine allegedly severe limitations. Kidwell painted the interior of all of the rooms in her house. She and her spouse were active in their church. She swept, did laundry and dishes, went fishing once a month, and crocheted, despite complaints of debilitating back pain (Tr. 21; 226, 321-22). Daily activities inconsistent with alleged limitations constitute a convincing reason to find a claimant less than credible. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Kidwell inconsistently described her back injury, as the ALJ notes (Tr. 21). Initially, Kidwell stated she was working as a housekeeper on July 3, 2008, making beds. After she went home, she picked up something from the carpet and began having sudden back pain that increased in the lower left back and has persisted since that time (Tr. 222-23). She sought treatment July 7th and July 25, 2008. At the latter appointment, Kidwell repeated three separate times that the injury occurred at home (Tr. 195, 223). At a medical examination on March 12, 2009, Kidwell said she was carrying a large load of laundry downstairs at work on July 3, 2008. Her head was turned and "and she noted a loud painful snap in her left low back." She finished her shift at work. When Kidwell got home, she bent over to pick up a feather. She noted pain and weakness "with her left leg going out" (Tr. 225). The ALJ notes Kidwell's numerous additional inconsistent statements, including the length of her two marriages (Tr. 21). The ALJ is permitted to consider inconsistent statements when weighing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir.

2002).

The objective evidence does not support Kidwell's complaints (Tr. 21). As one example, the ALJ notes Kidwell has complained of arm and leg numbness, yet no objective evidence supports these complaints. No altered sensation or strength is noted in any of the medical examinations (Tr. 21); *see* Tr. 195, 197, 230, 235-37, 311. Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider when analyzing credibility. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

With respect to Pollack's opinion, the Commissioner is correct. The ALJ's remaining reasons for discounting assessed marked limitations are specific, legitimate and supported by substantial evidence. Kidwell testified she does not believe she has mental problems. As the ALJ notes, she was able to work as a housekeeper for 15 years and was punctual. She cared for her own and her family's needs for a number of years between her first and second marriages (Tr. 22, 321). All indicate a much greater degree of functioning than assessed by Dr. Pollack. The ALJ relied on more than "boilerplate" when he rejected Dr. Pollack's assessed marked limitations. The ALJ's error if any in relying on the reason for Dr. Pollack's opinion, the referral by Kidwell's attorney, is clearly harmless.

*Allen Bostwick, Ph.D.*

Kidwell alleges the ALJ failed to give reasons for rejecting some of the limitations assessed by examining and consulting psychologist Dr. Bostwick. Specifically, Kidwell alleges the ALJ should have adopted Bostwick's assessed (1) moderate limitations

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                      - 11 -

in daily living; (2) "limitation" to work "more independently or in proximity to others but not directly with the public" and (3) mild to moderate limitation with regard to attention, concentration, pace and persistence. ECF No. 14 at 14, referring to Tr. 330-31.

The Commissioner answers that Dr. Bostwick felt Kidwell's primary limitation would probably relate to complaints of chronic back pain rather than mental limitations. ECF No. 20 at 19; Tr. 23 and 331. Bostwick attributed moderate limitations in daily living "primarily to her inability to manage her finances independently" Tr. 331. The ALJ rejected this finding because it was inconsistent with Kidwell's admitted ability to function on her own and to perform basic math (Tr. 23, 35). The Commissioner is correct.

The Commissioner asserts Bostwick's opinion Kidwell would do best working away from the public is a recommendation, not an RFC assessment. As such, the ALJ was not required to include it in his own RFC. ECF No. 20 at 20-21, citing *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009). The Commissioner is correct. Moreover, the ALJ's limitation to superficial public contact is consistent with Kidwell's record of functioning and fully supported by the record as a whole. There was no error.

Last, Dr. Bostwick opined Kidwell would have mild to moderate limitations in attention, concentration, persistent and pace (Tr. 331). The Commissioner accurately observes the ALJ took this into account. The ALJ found borderline intellectual functioning severe at step two. He assessed an RFC limited to simple, routine work with no executive decision making required, expect the worker to be off task 5.5% of the work day, and to work at a low-average

pace. ECF No. 20 at 21, Tr. 20. The ALJ based his step five finding on the vocational expert's testimony which incorporated these limitations. Importantly, Kidwell cites no additional limitations the ALJ should have taken into account when translating Bostwick's pace limitations.

The ALJ properly accepted and incorporated limitations established by the evidence.

A claimant for social security benefits carries the burden of proving she is disabled. 42 U.S.C. § 423(d)(5)(A); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

Kidwell fails to meet her burden of showing harmful error.

The trier of fact, and not the reviewing court, must resolve conflicts in the evidence and, if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this Court finds the ALJ's decision is free of harmful legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 20,** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of defendant, and **CLOSE** the file.

1   DATED this 14th day of March, 2013.

3                                              s/ James P. Hutton

4                                            JAMES P. HUTTON
                                      UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 14 -